IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

**KENNEDY TOWN**                                                           **PLAINTIFF**

vs.                                    No. 2:21-cv-___

**TIDWELL GROUP, LLC**                                                    **DEFENDANT**

## ORIGINAL COMPLAINT

COMES NOW Plaintiff Kennedy Town ("Plaintiff") by and through her attorney Courtney Lowery of Sanford Law Firm, PLLC, and for her Original Complaint ("Complaint") against Defendant Tidwell Group, LLC ("Defendant"), she states and alleges as follows:

### I.   PRELIMINARY STATEMENTS

1. This is an action brought by Plaintiff against Defendant for violations of the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. (the "FLSA").

2. Plaintiff seeks a declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and a reasonable attorney's fee and costs as a result of Defendant's failure to pay Plaintiff proper overtime compensation under the FLSA.

### II.   JURISDICTION AND VENUE

3. The United States District Court for the Northern District of Alabama has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4. Defendant maintains its corporate headquarters in Birmingham. Therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

### III.  THE PARTIES

5. Plaintiff is an individual and resident of Cobb County, Georgia.

6. Defendant is a domestic limited liability company.

7. Defendant's registered agent for service of process is Cogency Global, Inc., at 2 North Jackson Street, Suite 605, Montgomery, Alabama 36104.

8. Defendant, in the course of its business, maintains a website at https://tidwellgroup.com/.

### IV.  FACTUAL ALLEGATIONS

9. Plaintiff repeats and realleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

10. Defendant is a public accounting firm.

11. Defendant employs two or more individuals who engage in interstate commerce or business transactions, or who produce goods to be transported or sold in interstate commerce, or who handle, sell, or otherwise work with goods or materials that have been moved in or produced for interstate commerce.

12. Defendant's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) in each of the three years preceding the filing of the Original Complaint.

13. At all times relevant hereto, Defendant was Plaintiff's employer within the meaning of the FLSA, 29 U.S.C. § 203.

14. At all times material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA.

15. At all times material herein, Plaintiff has been classified by Defendant as nonexempt from the overtime requirements of the FLSA, 29 U.S.C. § 207, and has been paid an hourly wage.

16. Defendant employed Plaintiff from January of 2021 until April of 2021 as an hourly-paid Intern.

17. At all relevant times herein, Defendant directly hired Plaintiff to work on its behalf, paid her wages and benefits, controlled her work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding her employment.

18. Plaintiff regularly worked over forty hours in a week.

19. Plaintiff estimates she regularly worked between 60 and 65 hours per week.

20. Plaintiff recorded her time using Defendant's time keeping system.

21. Defendant paid Plaintiff her regular rate for all hours worked. In other words, Defendant failed to pay Plaintiff an overtime premium for all hours worked over forty each week.

22. At all relevant times herein, Defendant has deprived Plaintiff of sufficient overtime compensation for all hours worked.

23. Defendant knew or showed reckless disregard for whether its actions violated the FLSA.

### V.   CLAIM FOR RELIEF—VIOLATION OF THE FLSA

24. Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully set forth herein.

25. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

26. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

27. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay a minimum wage for all hours worked up to 40 each week and to pay 1.5x their regular wages for all hours worked over 40, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

28. Defendant classified Plaintiff as nonexempt from the requirements of the FLSA.

29. Defendant failed to pay Plaintiff a sufficient overtime premium for all hours worked over forty each week.

30. Defendant knew or should have known that its actions violated the FLSA.

31. Defendant's conduct and practices, as described above, were willful.

32. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

33. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

34. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VI.    PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Kennedy Town respectfully prays that Defendant be summoned to appear and to answer this Complaint and for declaratory relief and damages as follows:

    A.     Declaratory judgment that Defendant's practices alleged in this Complaint violate the FLSA and its related regulations;

    B.     Judgment for damages suffered by Plaintiff for all unpaid overtime wages under the FLSA and its related regulations;

    C.     Judgment for liquidated damages owed to Plaintiff pursuant to the FLSA and its related regulations;

    D.     An order directing Defendant to pay Plaintiff interest, a reasonable attorney's fee and all costs connected with this action; and

    E.     Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**PLAINTIFF KENNEDY TOWN**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Parkway, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ Courtney Lowery*
Courtney Lowery
Ala. Bar No. 4047-v46j
courtney@sanfordlawfirm.com